UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL BATES AND CHARONDA
BATES,

        Plaintiffs.

v.

AMERICAN CREDIT ACCEPTANCE,
LLC,

        Defendant.
_____/

Case No. 16-12239

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
ELIZABETH A. STAFFORD

**ORDER DENYING PLAINTIFFS' MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1)**

Now before the Court is Plaintiffs' Motion to Dismiss Defendant's Counterclaim for lack of subject matter jurisdiction pursuant to FRCP 12(b)(1), filed on August 15, 2016 [12]. Plaintiffs seek to dismiss Defendant's Counterclaim, which asserts a state law breach of contract claim against Plaintiff Darryl Bates. Pursuant to Local Rule 7.1(f)(2), the Court will decide this motion without oral argument.

**PROCEDURAL HISTORY**

Plaintiffs Darryl Bates and Charonda Bates filed this action against Defendant American Credit Acceptance, LLC, on June 17, 2016, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") [1]. On July 25, 2016, Defendant filed an Answer and Counterclaim [6], asserting a

state law breach of contract claim against Mr. Bates. Plaintiffs filed the Instant Motion to Dismiss on August 15, 2016 [12]. The parties have timely briefed the issues: Defendant filed a Response on September 2, 2016 [16] and Plaintiffs filed a Reply on September 16, 2016 [18].

## LEGAL STANDARD

"The first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case, even where the parties concede or do not raise or address the issue." *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 606-07 (6th Cir. 1998) (citing *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986)). "Quite aside from whether the parties raise jurisdictional issues themselves – or even attempt to consent or agree to federal jurisdiction – federal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607.

## DISCUSSION

Plaintiffs argue that the Court should dismiss Defendant's counterclaim, stating: 1) Defendant's counterclaim is permissive rather than compulsory, 2) Plaintiffs' claims under the TCPA do not share a common nucleus of operative fact with Defendant's breach of contract claim, and 3) the Court possesses neither federal question nor diversity jurisdiction over Defendant's breach of contract claim. The Court will address each of these arguments in turn.

I.  **The distinction between permissive and compulsory counterclaims.**

Rule 13 of the Federal Rules of Civil Procedure distinguishes between compulsory and permissive counterclaims. A compulsory counterclaim, one that a defendant must assert, "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and does not require adding another party over whom the court cannot acquire jurisdiction." FED. R. CIV. P. 13(a)(1)(A)-(B). In contrast, a permissive counterclaim is "any claim that is not compulsory." FED. R. CIV. P. 13(b).

Prior to 1990, federal courts considered compulsory counterclaims "as falling within the 'ancillary jurisdiction' of the federal district court and therefore did not require an independent basis for subject matter jurisdiction." *Swartwout v, Edgewater Grill, LLC*, No. 1:12-cv-130, 2012 U.S. Dist. LEXIS 88679, at *4 (W.D. Mich. June 27, 2012); *see also City of Cleveland v. Cleveland Elec. Illuminating Co.*, 570 F.2d 123, 126-27 (6th Cir. 1978). "[T]he court may exercise ancillary jurisdiction of a compulsory counterclaim regardless of whether the counterclaim rests upon an independent jurisdictional basis." *United States v. City of Menominee, Mich.*, 727 F. Supp. 1110, 1117 (W.D. Mich. 1989). To exercise jurisdiction over permissive counterclaims, however, courts needed independent grounds of federal jurisdiction. *See, e.g.*, *Maddox v. Kentucky Finance Co.*, 736

F.2d 380, 383 (6th Cir. 1984); *McCaffrey v. Rex Motor Transp., Inc.*, 672 F.2d 246, 248 (1st Cir. 1982) ("Permissive counterclaims, FED. R. CIV. P. 13(b), may not be entertained under a federal court's ancillary jurisdiction unless there is some independent jurisdictional basis such as a federal question upon which federal jurisdiction may be founded.").

In 1990, Congress enacted the Judicial Improvement Act, creating the concept of supplemental jurisdiction. The statute grants federal district courts "supplemental jurisdiction over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). To define supplemental jurisdiction, Congress adopted the test articulated by the Supreme Court in *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). The *Gibbs* Court listed four factors relevant to determining whether a state law claim falls within the same case or controversy as the adjoining federal claim:

1. There must be a federal claim;
2. The relationship between the federal claim and the state claim much be such that it permits the conclusion that the entire action comprises but one case;
3. The federal claim must have sufficient substance to confer subject matter jurisdiction; and
4. The federal and state claims must derive from the common nucleus of operative fact.

*Id.*; *see also Province v. Cleveland Press Pub. Co.*, 787 F.2d 1047, 1054 n.8 (6th Cir. 1986). In the wake of *Gibbs*, "some lower courts mistakenly assumed that §

1367(a) merely codified the common-law doctrines of pendent and ancillary jurisdiction." *Swartwout*, 2012 U.S. Dist. LEXIS 88679, at *7 (citing *Iglesias v. Mut. Life Ins. Co. of N.Y.*, 156 F.3d 237, 241 (1st Cir. 1998)). Pursuant to this interpretation, permissive counterclaims still required an independent basis for federal jurisdiction. However, as the Supreme Court later explained, "[n]othing in § 1367 indicates a congressional intent to recognize, preserve or create some meaningful, substantive distinction between the jurisdictional categories we have historically labeled pendent and ancillary." *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 559 (2005).

*Exxon Mobil Corp.* indicates that § 1367(a) does not merely codify the common law. Indeed, federal appellate courts have since held that "§ 1367 supersedes case law on supplemental jurisdiction that had distinguished between compulsory and permissive counterclaims." *Global NAPS, Inc. v. Verizon New England Inc.*, 603 F.3d 71, 87 (1st Cir. 2010); *see also Jones v. Ford Motor Credit Co.*, 358 F.3d 205 (2d Cir. 2004); *Channell v. Citicorp Nat. Servs., Inc.*, 89 F.3d 379 (7th Cir. 1996). The Court is unaware of Sixth Circuit case law that directly addresses the status of the permissive/compulsory distinction in light of § 1367. *See Swartwout*, 2012 U.S. Dist. LEXIS 88679, at *8 (explaining that the Sixth Circuit "has not yet had occasion to reach" the issue of the broad application of § 1367 versus the old compulsory-permissive counterclaim distinction); *Edwards v.*

*Equitable Acceptance Corp.*, No. 1:14-CV-00888, 2015 U.S. Dist. LEXIS 143650, at *7 (N.D. Ohio June 8, 2015). The Sixth Circuit has, however, noted that "[t]he first part of the statute (§ 1367(a)) contains a sweeping grant of supplemental jurisdiction giving courts supplemental jurisdiction over all claims not excluded by the second part (§ 1367(b))." *Olden v. LaFarge Corp.*, 383 F.3d 495, 504 (6th Cir. 2004).

Plaintiffs assert that the Court lacks subject matter jurisdiction over Defendant's state law breach of contract claim, first, because the claim is permissive and second, because it is not one over which the Court has original jurisdiction. These arguments are unavailing. As other Sixth Circuit district courts have held, there is no requirement that the counterclaim be compulsory to fall within the scope of § 1367(a). "[A] district court's jurisdiction over a counterclaim no longer depends on whether the counterclaim arises from the 'same transaction or occurrence' as the principal claim. Rather, the test is whether the claims are so related that they form part of the same case or controversy under Article III of the Constitution." *Swartwout*, 2012 U.S. Dist. LEXIS 88679, at *8-9 (internal quotations omitted). "[T]he test is simply whether a counterclaim is sufficiently related so as to be part of the same case or controversy." *Pyatt v. Sentek Corp.*, No. 2:13-cv-998, 2014 U.S. Dist. LEXIS 28202, at *5 (S.D. Ohio Mar. 5, 2014). "Article III's case-or-controversy standard is the jurisdictional limit for

counterclaims." *Cruz v. Don Pancho Mkt., LLC*, No. 1:15-cv-698, 2016 U.S. Dist. LEXIS 33399, at *3 (W.D. Mich. Mar. 8, 2016) (internal citations omitted). These conclusions echo the Supreme Court's in *Exxon Mobil Corp.*: "[o]nce a court has original jurisdiction over the action, it can then decide whether it has a constitutional and statutory basis for exercising supplemental jurisdiction over the claims in the action.").

## II. The common nucleus of operative fact as to Plaintiffs' claims and Defendant's counterclaim.

As mentioned previously, a district court's supplemental jurisdiction over a state law claim depends on whether it is sufficiently related to the other claims that they form part of the same case or controversy under Article III of the Constitution. *Blakely*, 276 F.3d at 861. "[I]f there is some basis for original jurisdiction, the default assumption is that the court will exercise supplemental jurisdiction over all related claims." *Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 892 (6th Cir. 1998). "Claims form part of the same case or controversy when they derive from a common nucleus of operative facts." *Blakely*, 276 F.3d at 261 (internal quotations omitted).

The Court finds that Plaintiffs' claims and Defendant's counterclaim are sufficiently part of the same case or controversy to warrant the exercise of supplemental jurisdiction. The claims at issue clearly arise from the same nucleus of operative fact and "revolve around a central fact pattern." *Blakely*, 276 F.3d at

261 (citing *White v. County of Newberry, S.C.*, 985 F.2d 168, 172 (4th Cir. 1993)). The common denominator here is the November 2011 Simple Interest Retail Installment Contract executed by Mr. Bates and Cars & Credit Assistance.[1] Plaintiffs argue that Defendant violated their rights under the TCPA by repeatedly calling their cellular phones, even after consent to call was revoked. Defendant asserts (and, indeed, Plaintiffs acknowledge) that these calls were made in an effort to collect the balance owed after Mr. Bates defaulted under the terms of the November 2011 contract for failure to make payment when due. In sum, neither Plaintiffs' TCPA-based claims, nor Defendant's breach of law contract claim, would exist but for the November 2011 contract and the parties' actions thereunder. It is important to note, too, that much of the available evidence likely to be examined by both parties is substantially the same. Both parties will presumably provide records, documentation, and/or testimony regarding the nature of the phone calls and the frequency with which they were made; the consent and revocation of consent to call by the Bates; and the purchase of the vehicle and the amount of the loan. Moreover, it stands to reason that both parties will rely on witness testimony from Mr. and Mrs. Bates and the records custodian at ACA.

---

[1] Cars and Credit Assistance is a division of Defendant American Credit Acceptance, LLC.

Based on the foregoing reasons and analysis, it is apparent to the Court that the claims at issue arise from a common nucleus of operative fact so as to satisfy the broad supplemental jurisdiction test of § 1367(a).

### III. Reasons for declining supplemental jurisdiction.

Supplemental jurisdiction is discretionary, not mandatory. *Charvat v. NMP, LLC*, 656 F.3d 440, 446 (6th Cir. 2011); *Gamel v. City of Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010). A district court may only decline to exercise supplemental jurisdiction over a claim if:

1) The claim raises a novel or complex issue of State law,
2) The claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
3) The district court has dismissed all claims over which it has original jurisdiction, or
4) In exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

These factors are inapplicable in the instant case. *See Simons Pizza & Subs, LLC, v. Centerplate, Inc.*, No. 11-12470, 2012 U.S. Dist. LEXIS 56107, at *2 (E.D. Mich. Apr. 20, 2012) ("[C]ontrary to Plaintiff's contention, a breach of contract claim under Michigan law does not raise a novel or complex issue of state law."). The Court sees no compelling reason to decline exercising supplemental jurisdiction over Defendant's state law breach of contract claim.

## CONCLUSION

The Court concludes that the Plaintiffs' claims and Defendant's counterclaims arise from the same nucleus of operative fact and that none of the § 1367(c) factors apply to bar supplemental jurisdiction. The Court further notes that the decision to exercise supplemental jurisdiction is supported by the notions of "judicial economy, convenience, fairness, and comity." *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). Accordingly,

For the foregoing reasons,

**IT IS ORDERED** that Plaintiffs' Motion to Dismiss Defendant's Counterclaim for Lack of Subject Matter Jurisdiction [12] is **DENIED**.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: September 29, 2016         Senior United States District Judge